UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNIE COLLINS<br>On behalf of herself<br>And All Others Similarly Situated | CIVIL ACTION<br><br>NO. 06-2946 |
| VERSUS | |
| SANDERSON FARMS, INC.<br>(Production Division) and<br>SANDERSON FARMS, INC.<br>(Processing Division) | |

## ORDER

The parties have requested reconsideration of the Court's April 11th denial of their Joint Motion for Preliminary Approval of Collective Action Settlement and Appointment of Plaintiffs' Counsel as Class Counsel (Rec. Doc. 165).  Having considered the motion and reviewed all the prior filings and the applicable law, the motion to reconsider is PARTIALLY GRANTED and PARTIALLY DENIED.

The Court acknowledges and agrees that settlements in class action and collective actions suits are and should be favored in the law.  However, a Court should not approve a settlement, even a preliminary one, without any basis other than the joint assertion of the parties that it is appropriate.[1]

---

[1] The Court notes that in *Murillo v. Texas A&M Univ. System*, 921 F. Supp. 443 (S.D. Tex. 1996), *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La.2004), and *Aquayo v. Oldenkamp Trucking*, 2006 WL 3020943 (E.D. Cal. 2006), all cited by the parties, the approving judge had substantial information regarding the settlement negotiations at the time of approval.

The parties in this case have conducted their settlement negotiations without Court input or knowledge.   While this is not inappropriate or improper in any way, it leaves this Court with no independent basis to know, for example, if the proposed settlement was conducted through arm's length bargaining, whether sufficient discovery was undertaken, whether experienced counsel was involved and fundamentally whether the proposed settlement is fair and reasonable.  Nor does the Court find that the proposed "Important Notice to Potential Class Members" adequately informs the class of the relevant conditions of the proposed settlement.

The Court is, however, agreeable to allowing the matter to proceed to the formal notice stage and defer its concerns over the fairness and reasonableness of the proposed settlement to a final approval hearing, subject to the following conditions:

1. With respect to the proposed "Preliminary Approval Order" (Exhibit A of Rec. Doc. 163), the Court will sign the order if the following modifications are made:

(a)  The words "preliminary approval" are removed from the title so that it simply reads "Order";

(b) #1 which reads: "The Court finds the settlement, as described in the Stipulation (with attachments), to be a reasonable settlement of a bona fide dispute" is deleted;

(c) #2, #3, #4 and #5 are renumbered #1, #2, #3 and #4.

2. With respect to the "Important Notice to Potential Class Members" (Exhibit B of Rec. Doc. 163), the Court will approve the notice if the following modifications are made:

(a) The cut-off time period is extended from June 2, 2007 to August 1, 2007;[2]

(b) The top paragraph of page 2 (commencing "Plaintiffs allege that they were required to engage in the donning and doffing....." is printed in bold print and the cut off date is extended to August 1, 2007.

(c) In the second paragraph of page 2, the phrase "which has been preliminarily approved by Judge Helen Berrigan" is deleted and the cut off date is extended to August 1, 2007. The paragraph should also state that the plaintiffs' attorneys have requested a fee of $750,000, subject to court approval, which would be subtracted from the proposed $3,000,000 settlement. The paragraph should also give examples of realistic settlement ranges for individual categories of plaintiffs.[3]

(d) With regard to the "Composition of the Class," the cut off date is to be extended to August 1, 2007.

---

[2] The original Joint Motion for Preliminary Approval was submitted in March with a cut off date of June 2, 2007. As the Court has not approved the proposal, in fairness to the plaintiffs, the deadline should be extended at least to August 1, 2007.

[3] The Court notes that the Stipulation calls for 95% of the approximately 5,000 current employees and 75% of the approximately 7,500 past employees who worked more than 100 hours in the qualifying positions within the time period to participate or else the defendant may declare the proposal null and void. Hence the parties should be able to disclose rough ranges of recovery for individual workers in various categories.

(e) In #5 of page 3, the deadline for the signed Consent Form should be extended to August 1, 2007, with the delivery by mail or fax before noon on July 31, 2007.

(f) In #7 of page 4, the sentence in the third paragraph, "This fee arrangement has been approved by Judge Berrigan", should be deleted.

If the parties are agreeable to the above modification, a new proposed Order should be presented along with a revised Important Notice to Potential Class Members.

Accordingly, **IT IS ORDERED** that plaintiffs' and defendants' joint motion to reconsider is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. **IT IS FURTHER ORDERED** that should the parties accept the above modification, they shall file a revised proposed Order and Important Notice to Potential Class Members no later than Friday, May 11, 2007.

New Orleans, Louisiana this 3rd day of May, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE